[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13462
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cv-23019-UU

NAIYM SHAHAAB TALIB,
a.k.a. Lonnie James Walker,

Plaintiff-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 5, 2017)

Before HULL, WILSON and JILL PRYOR, Circuit Judges.

PER CURIAM:

Naiym Shahaab Talib was committed to the Florida Department of Corrections ("FDOC") in 1981 under the name Lonnie James Walker. While incarcerated, he converted to Islam and in 1982 successfully petitioned a state court to legally change his name to his current name. In 1993, Talib filed a suit against the Secretary of the FDOC seeking to compel prison officials to recognize his Islamic name. The district court entered an order in 2000 ("2000 Order") granting Talib a declaratory judgment holding that certain FDOC rules "as applied to [Talib] violate [his] rights under the First Amendment to the United States Constitution to the extent that such policies and regulations prevent [Talib] from the use of his Islamic name on his prison uniform and on all incoming and outgoing mail." 2000 Order at 3.[1]

In 2014, Talib, proceeding *pro se*, filed a new civil action in federal district court. He primarily alleged that prison officials had prevented him from displaying his Islamic name on his prison uniform or identification and continued to harass him for using that name. In the complaint, he asked the district court to reopen his earlier case and direct FDOC to comply with the 2000 Order. He also requested that the district court compel the Secretary to allow him to display his Islamic name first on his identification and award him declaratory relief and damages. Additionally, Talib sought to hold his former attorney in contempt of court for

---

[1] A copy of the 2000 Order can be found at pages 9-11 of the district court docket's first numbered entry.

failing to ensure the Secretary's compliance with the 2000 Order and for giving him only $1,100 after promising him $6,000 to settle the earlier case.

The district court construed Talib's complaint as a request for civil contempt seeking to enforce the final judgment in the earlier case. It referred the matter to a magistrate judge, who ordered the Secretary to show cause why the court should not hold her in contempt for the violations that Talib alleged. The Secretary responded that even assuming the truth of Talib's allegations, she should not be held in contempt because the 2000 Order granted only declaratory relief and imposed no requirement to act.

The magistrate judge entered a supplemental show cause order noting that the 2000 Order had granted Talib only declaratory relief, not injunctive relief, because the entering court had presumed the defendants would comply with its declaratory judgment and thus perceived no need for injunctive relief. The magistrate judge directed the Secretary to explain in detail the steps she has taken to comply with the 2000 Order. In response, the Secretary explained that the policies declared unconstitutional were repealed and replaced in 2006 with new policies that complied with the 2000 Order. She moved to terminate any prospective relief the 2000 Order had granted Talib as no longer necessary to correct the constitutional violation. *See* 18 U.S.C. § 3626(a), (b) (establishing

3

criteria for granting and terminating prospective relief in civil actions with respect to prison conditions).

The magistrate judge concluded that the FDOC's 2006 policies comply with the 2000 Order and recommended that Talib's claims for relief be denied and the Secretary's motion to terminate prospective relief be granted. The district court adopted the magistrate judge's recommendation, denied Talib's request for civil contempt and other relief, granted the Secretary's motion to terminate prospective relief, and ordered administrative closure of the case.

"This court reviews the grant or denial of a motion for civil contempt under the abuse of discretion standard." *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000). "This standard requires the petitioner to prove by clear and convincing evidence that the respondent violated the court's prior order." *Afro-Am. Patrolmen's League v. City of Atlanta*, 817 F.2d 719, 723 (11th Cir. 1987). "This clear and convincing proof must also demonstrate that 1) the allegedly violated order was valid and lawful; 2) the order was clear, definite and unambiguous; and 3) the alleged violator had the ability to comply with the order." *McGregor*, 206 F.3d at 1383.

When reviewing a district court's order on a motion to terminate prospective relief under 18 U.S.C. § 3626, we review a district court's conclusions of law *de*

4

*novo* and its findings of fact for clear error. *Rowe v. Jones*, 483 F.3d 791, 794 n.4 (11th Cir. 2007).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). These include *pro se* appellate briefs. *Harris v. United Auto. Ins. Group, Inc.*, 579 F.3d 1227, 1231 n.2 (11th Cir. 2009). However, "liberal construction is not the same thing as wholesale redrafting." *Gilmore v. Hodges*, 738 F.3d 266, 281 (11th Cir. 2013).

Talib's complaint, even construed liberally, raised no meritorious claims for relief. He sought to compel the Secretary to comply with the 2000 Order, but that order declared unconstitutional as to Talib only policies that the Secretary has since repealed. It did not speak to prison regulations currently in effect, which allow inmates to display their legal religious names on their identification and mail. *See* Fla. Admin. Code R. 33-603.101(b), (c). Because the policies the 2000 Order declared unconstitutional as to Talib are no longer in effect, they work no violation of Talib's constitutional rights. The district court thus did not err in declining to enjoin the Secretary to comply with the 2000 Order or impose contempt sanctions on her.[2]

---

[2] The district court construed Talib's complaint as seeking to hold the Secretary in contempt, which relief it denied. We affirm on the alternative ground that Talib did not in fact seek civil contempt sanctions against the Secretary. *See Thomas v. Cooper Lighting, Inc.*, 506

5

For essentially the same reasons, the district court correctly granted the Secretary's motion to terminate prospective relief. "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs," and, upon a party's motion, "shall be terminable . . . [two] years after the date the court granted or approved" it. 18 U.S.C. § 3626(a)(1)(A), (b)(1)(A)(i). Upon such motion, "the court must determine whether such relief should be continued under § 3626(b)(3)," *Cason v. Seckinger*, 231 F.3d 777, 783 (11th Cir. 2000), which provides that it

> shall not terminate if the court makes written findings based on the record that prospective relief remains necessary to correct a current and ongoing violation of the Federal right, extends no further than necessary to correct the violation of the Federal right, and . . . is narrowly drawn and the least intrusive means to correct the violation.

18 U.S.C. § 3626(b)(3). Because Talib suffers no ongoing violation of his constitutional rights, the district court properly granted the Secretary's motion to terminate prospective relief.[3]

---

F.3d 1361, 1364 (11th Cir. 2007) ("We may affirm the district court's judgment on any ground that appears in the record, whether or not that ground was relied upon or even considered by the court below.").

[3] To the extent Talib sought to compel the Secretary to allow him to display his Islamic name before his committed name on his inmate identification card, which the 2000 Order did not require, he has shown no basis for relief. "A prison regulation, even though it infringes the inmate's constitutional rights, is an actionable constitutional violation only if the regulation is unreasonable." *Hakim v. Hicks*, 223 F.3d 1244, 1247 (11th Cir. 2000). "[A] dual-name policy always is sufficient to satisfy an inmate's free exercise claim involving use of a religious name."

Finally, Talib's request to hold his former attorney in contempt also fails. He brought this claim under 42 U.S.C. § 1983, which "only provides for claims to redress State action." *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001).  Because Talib has not alleged that his former attorney is a state actor, § 1983 does not cognize his claim.

Because Talib stated no meritorious claim for relief and suffers no ongoing violation of a constitutional right, we affirm the district court's dismissal of his complaint and termination of prospective relief.

**AFFIRMED.**

---

*Id.* at 1248.  Because the policies currently in effect allow inmates to display both their religious and committed names, Talib's constitutional challenge fails.  Although the district court did not expressly consider this argument, our precedent forecloses it.  *See Thomas*, 506 F.3d at 1364.

7